## A. T. SWISHER v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

### Division Two, June 20, 1911.

1. **PASSAGE WAY UNDER RAILROAD: Reserved by Widow's Deed: Acquiescence.** A reservation in a deed conveying a right of way over land in which the grantor had only a widow's right, and in which she reserved a space ten feet wide under the track for a passageway for wagons and overflow waters, is binding upon her husband's heirs and the company, if acquiesced in by all the parties for twenty-five years.

2. ———: **Nuisance: Abatement: Equity.**  And where the agreement of the railroad company was to maintain a culvert ten feet wide as a passageway for wagons and overflow waters for the use and benefit of the owners of the land, and the company, in order to strengthen the walls of the culvert, re-enforced them by an addition of concrete so as to reduce the width of the culvert to six feet ten inches, whereby its use is made less convenient and beneficial to the landowner, and his injury is continuous and is not susceptible of being measured in damages, he has no adequate remedy at law, and a court of equity will abate the nuisance by requiring the company to construct and maintain such a culvert as the agreement called for.

3. ———: ———: ———: ———: **Amount of Damages.**  Where the nuisance results from a deliberate trespass upon the property rights of another, the question of the amount of damages is not important in determining whether the facts justify a resort to equity to abate a nuisance.

4. ———: ———: ———: ———: **Economy in Construction.**  Nor is it any reason to refuse to abate the nuisance arising from an obstruction of the easement that it will save cost to the trespasser to construct the narrower culvert.

5. ———: ———: ———: ———: **Prescription or Covenant.**  It is immaterial whether plaintiff's rights to have the larger culvert rests upon covenant or prescription.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

T. H. *Harvey,* and *Scarritt, Scarritt & Jones* for appellant.

Specific performance may not be decreed herein. Under the pleadings and the evidence plaintiff has no standing in a court of equity to ask such court to require defendant to construct and maintain a culvert such as is described in plaintiff's petition, for several reasons. In the first place, it is certainly an elementary proposition that before a court of equity will undertake to enforce the specific performance of any contract on behalf of any complainant the court will be sure that

such complainant has a contract to be enforced. In the case at bar plaintiff has not shown that he has any contract with defendant or with any other railroad company. The only pretense made by plaintiff as to the existence of any contract regarding this culvert is the quitclaim deed from plaintiff's mother, Elizabeth Swisher, to the Kansas City, St. Louis & Chicago Railroad Company, by which deed said Elizabeth Swisher quitclaimed her interest in the land in question to that railroad. Plaintiff acquired no interest in the land in question from his mother, said Elizabeth Swisher, and by the deed in question said Elizabeth Swisher did not pretend to convey to the railroad company any other interest in this land than her own. It appears that the interest of Elizabeth Swisher was only her right of dower, and such interest of course absolutely terminated with her death, which occurred in 1885. It is well settled that the interposition of a court of equity cannot be invoked by a mere volunteer to enforce a contract to which he was neither party nor privy. Beardsley Co. v. Foster, 36 N. Y. 561; Morris v. Lewis, 33 Ala. 53; Lyford v. Railroad, 92 Cal. 93; Ashcroft v. Railroad, 126 Mass. 196. In the second place, it appears both from the pleadings and the evidence that the covenants expressed in said deed have been fully performed. In the deed the railroad company was not required to maintain this culvert for any particular length of time. As the deed pretends to convey only the estate and interest of said Elizabeth Swisher, and as it appears that her interest terminated absolutely with her death in the year 1885, it cannot be that the railroad company was obligated by this deed to maintain the culvert longer than the existence of the estate and interest conveyed by the deed. Ashcroft v. Railroad, 126 Mass. 196. In the next place, if plaintiff were a party to the contract claimed to exist under the quitclaim deed from Elizabeth Swisher to the Kansas City, St. Louis & Chicago Railroad Company no

adequate reason has been presented to put in motion the extraordinary powers of a court of equity. Pomeroy v. Fullerton, 131 Mo. 581; Johnson v. Steffens, 54 Ill. App. 193; Burke v. Railroad, 29 Mo. App. 370; Powers v. Railroad, 71 Mo. App. 540; Harrelson v. Railroad, 151 Mo. 482; Baker v. McDaniel, 178 Mo. 468.

*Duggins & Duggins* and *Frank E. Rigney* for respondent.

(1) The only possible relief to grant plaintiff was of an equitable nature. Biddle v. Ramsey, 52 Mo. 153; Byers v. Weeks, 105 Mo. App. 72; Powell v. Railroad, 215 Mo. 339. The plaintiff could not have compensation in damages, for the injuries are continuous, and effect a passway through an underground crossing. An ejectment suit could not avail as the sheriff could not take possession of the land without damaging the walls of the culvert. Barrington v. Ryan, 88 Mo. App. 85. (2) Counsel for the railroad confound the relief sought, that is, the abatement of a nuisance, with one for specific performance of a contract. The deed in question contains the ordinary covenants of "grant, bargain and sell," and the further covenant that the railroad would build the culvert ten feet wide, "suitable for a wagon to pass through and for stock to go to and from the spring for water." These are such covenants as run with the land, and the deed from Mrs. Swisher is admissible in evidence to show how the railroad went into possession. The deed contains the statutory words, "grant, bargain and sell," and therefore contains the express covenants of title in fee and for further assurances which run with the land. Magwire v. Riggin, 44 Mo. 514; Dixon v. Desire, 23 Mo. 151; R. S. 1899, sec. 907; Allen v. Kennedy, 91 Mo. 324; Jones, Real Estate, sec. 952; Loan Co. v. Fuller, 114 Mo. App. 633. Even though the grantor had no

title. Loan Co. v. Fuller, 114 Mo. App. 638. Such cove-
nants are muniments of title, and run with the land;
and covenants which run with the land operate as es-
toppels. Boyce v. Longworth, 11 Ohio 235; Harman
on Estoppel, sec. 672; Foote v. Clark, 102 Mo. 406.
Privity of contract is not essential to sustain an ac-
tion of equity in this case. Stillwell v. Railroad, 39
Mo. App. 221; Miller v. Billingsley, 41 Ind. 489. The
plaintiff was fully cognizant of the contents of the
deed. He witnessed it and appended his affidavit that
he saw the grantor sign it, and he heard her declare
the same to be her act and deed. He afterwards be-
came the absolute owner of the full title to the land,
and then ratified, approved and accepted the title and
used and enjoyed the easement and passway for nine-
teen years, with full knowledge and agreement of the
facts. He thereby made himself a party to the agree-
ment. Drakely v. Gregg, 75 U. S. 242. The benefits
of the covenants inured to him. The acceptance of a
deed, whether poll or *inter partes,* containing a cove-
nant on the part of the grantee, is equivalent to an
agreement on his part to perform the same. 11 Cyc.
1045, 1051. (3) Easements appurtenant inhere in
the land, concern the premises, and are necessary to
the enjoyment thereof. Such easements are incapable
of existence, separate and apart from the particular
messuage or land to which they are annexed, there be-
ing nothing for them to act upon. They are in the
nature of covenants running with the land, attach to
the land, to which they are appurtenant, and pass by
a deed of conveyance. 14 Cyc. 1140, 1141, 1155, 1165;
Hamlin v. Railroad, 160 Mass. 459. The deed in this
suit is a grant or reservation of a right of way by a
prescribed underground crossing, and imparts notice
to the defendant of plaintiff's claims; and the right
of way is a vested right in plaintiff; and being con-
tinued for the prescribed period it becomes an ease-
ment by prescription. Power v. Dean, 112 Mo. App.

288; Anthony v. Building Co., 188 Mo. 704; Anderson's
Law Dic., p. 391; Roanoke Co. v. Railroad, 108 Mo.
50; Powell v. Railroad, 215 Mo. 339; Spurlock v. Dor-
nan, 182 Mo. 242. (4) In an action for a private nui-
sance it is not necessary to allege or prove any special
damage. Smith v. McConathy, 11 Mo. 518; Baker v.
McDaniel, 178 Mo. 447; Burgenstock v. Drainage
Dist., 163 Mo. 198; Smith v. Sedalia, 182 Mo. 1; Gray
v. Graff, 8 Mo. App. 334. Anything constructed on a
person's premises, which of itself, or by its intended
use, directly injures a neighbor in the personal use and
enjoyment of his property, is a nuisance. Webb's
Pollock on Torts, p. 484; Cooley on Torts, p. 565;
Powell v. Brick Co., 104 Mo. App. 713; Webb's Pollock
on Torts, p. 491, 494; 3 Blackstone's Com., 216; Pad-
dock v. Somes, 102 Mo. 226.

FERRISS, J.—Suit to abate a nuisance, with judg-
ment below in favor of plaintiff.

In January, 1878, Elizabeth Swisher, widow of
Henry Swisher and mother of his five sons, one of
whom is plaintiff, executed a deed of conveyance of a
right of way, one hundred feet wide, to the Kansas
City, St. Louis and Chicago Railroad Company, as
follows:

"Know all men by these presents, that I, Elizabeth
Swisher, of the county of Saline and State of Missouri,
for and in consideration of the sum of one dollar in
hand paid by the Kansas City, St. Louis & Chicago
Railroad Company, the receipt whereof is hereby ac-
knowledged, and the covenant of said company herein
made to build and operate its railroad over the lands
hereinafter described by the 31st day of December,
1879, and put in a culvert ten feet wide under railroad
track at the spring situated in the north end of the
northwest quarter of the northwest quarter of section
twenty suitable for a wagon to pass through and stock
go to and from the spring for water, also a wagon

crossing over the road at some suitable place near the center of the northeast of the northwest of section 20, and fence the road within six months after the cars shall be run to Marshall, have bargained and sold and do by these presents grant, alien, relinquish, sell and convey unto the said Kansas City, St. Louis & Chicago Railroad Company the right of way for the construction, operation, maintenance and use of the said Kansas City, St. Louis & Chicago Railroad Company, over and through the following described land owned by the said Elizabeth Swisher and her heirs in said county of Saline and State of Missouri, more particularly described as follows, to-wit: The north half of the northwest quarter of section 20, township 51, range 20. The said right of way to have the extent of one hundred feet (that is to say fifty feet on each side of the center line of said railroad) in width, over and through said lands and lots.

"To have and to hold the same unto the said Kansas City, St. Louis & Chicago Railroad Company, their successors and assigns, as long as the same shall be required and used for railroad purposes, and no longer, and in case of non-completion as aforesaid, to revert.

"In witness whereof I have hereunto set my hand and seal this twenty-fifth day of January, A. D., one thousand eight hundred and seventy-eight."

The railroad company took possession of the right of way, and during the year 1878 constructed the culvert called for in the deed, ten feet wide, and it so remained until 1904, when the defendant company, in order to strengthen the walls of the culvert, reinforced them by the addition of concrete so as to reduce the width of the culvert to six feet and ten inches.

The land over which the right of way extended was owned by Henry Swisher, husband of the said Elizabeth Swisher, at the time of his death, which occurred in 1875. It seems that Elizabeth had only a widow's

right in the land, the ownership being in the heirs of Henry Swisher, the five sons mentioned above. After the death of Elizabeth Swisher, the sons, in 1885, by partition deed conveyed the forty acres upon which this culvert was built to plaintiff. The situation then was such that the bulk of the forty acres lay south of the railroad, with five or six acres north of the road; the culvert communicating between the two pieces and affording a passage for a small stream which proceeded from a spring located on the land north of the road. The grade crossing provided for in the deed from Mrs. Swisher is not upon plaintiff's land, so that the only passage from one part of his land to the other is through this culvert.

While the work of reinforcing the walls of the culvert was in progress plaintiff served upon defendant a written protest and demand for full compliance with the covenant for a ten-foot clearance in the culvert. Imemediately thereafter plaintiff filed this suit upon the following petition:

"That the plaintiff is the legal owner and is now in possession of the northwest quarter of the northwest quarter of section twenty, township fifty-one, range twenty, in Saline county, Missouri, and has owned and been in possession of the said tract of land since the year 1885, and that upon said tract is situated the spring and culvert hereinafter mentioned.

"That since the year 1885, the defendant and those under whom it claims had maintained its railroad track upon a right of way over and across the said land of the plaintiff, and had constructed its culvert ten feet wide under its railroad track, at the spring situated in the north end of the said northwest quarter of the northwest quarter of section 20, aforesaid, in all things complying with the deed conveying said right of way, which is dated the 25th day of January, 1878, which is recorded in Book 26, at page 235, in the recorder's office of Saline county, Missouri, and wherein Elizabeth

Swisher, the mother of plaintiff, is the grantor, and the Kansas City, St. Louis and Chicago Railroad Company, under whom defendant claims, was the grantee, in which deed is reserved the right to the owners of said land to use such culvert and the open space between the walls of the same, and beneath the tracks of said railroad, as a passage way for wagons to pass through, and for stock to and from such spring for water; and such culvert was so constructed that it was sufficient to carry off the waters of a creek or branch which flowed through it.

"And that since such year 1885, the plaintiff has used said culvert and the right of way and easement through the same for a passway for wagons from the portion of said land on one side of the railroad to the portion on the other, and as a passway for stock to go through to such spring of water, and such right of way and easement was of great value to the plaintiff.

"That the defendant did maintain said culvert for the use of plaintiff and in strict compliance with the terms of said deed from Elizabeth Swisher, as aforesaid, until about the 10th day of August, 1904, when the defendant and its agents and employees did tear out said culvert and did proceed to build a new culvert six feet in width in its place.

"That said new culvert is not built in compliance with the covenants and agreements under which the defendant holds said right of way, and is wholly insufficient for the uses so reserved to the owners of said tract of land, but the said defendant has entered upon the land of the plaintiff, not theretofore in its possession, and has built a new culvert which is so narrow that it is not suitable for a wagon to pass through. That the creek or branch which runs through said culvert carries water from the spring aforesaid, and also surface waters from rains and melting snows, from a large area, are drained off through the same; and that said new culvert is so narrow and is so faulty con-

structed that it is wholly insufficient to carry off the waters which naturally drain into said branch and run off through the culvert aforesaid, and the water backs upon plaintiff's land and overflows and renders useless a large portion of the same, and overflows and renders useless the spring aforesaid, thereby greatly damaging the plaintiff. And said culvert is so narrow that it is not suitable as a passageway for wagons, and plaintiff is thereby greatly inconvenienced and damaged. That, as at present constructed, the said culvert constitutes a nuisance upon the land of the plaintiff, and, so long as the same is allowed to be maintained there, the plaintiff will suffer great loss from the overflow of his land and spring, and great inconvenience and loss from not being able to use said culvert as a passageway for wagons.

"That the said nuisance complained of herein is continuous in its nature. That the extent of the injury and damage from the maintenance of the same cannot now be ascertained, and that the plaintiff has no adequate remedy at law for redress, and that unless the said nuisance be abated the plaintiff will suffer irreparable injury.

"That after the said defendant tore out the original culvert, and after it had begun the construction of said new culvert, the plaintiff gave notice to defendant in writing that such new culvert was so narrow as to be insufficient to carry off the water draining through the same, and that he would hold the defendant to a full compliance with the covenants and agreements mentioned in said deed from Elizabeth Swisher aforesaid.

"The premises considered, the plaintiff prays the court to enter its judgment requiring the defendant to abate the nuisance it has created by the erection of such culvert on the plaintiff's land, and to construct and

maintain a proper culvert thereon as it has heretofore agreed to do, for costs of suit and all proper relief.''

Defendant answered by a general denial, an allegation that plaintiff had a complete remedy at law, and charging a defect of parties.

The evidence shows that the defendant is in possession of the railroad, under lease from the grantee in the deed from Elizabeth Swisher, and caused the work to be done of which plaintiff complains. The evidence further shows that the culvert has been used to some extent as a passageway for wagons, and that its use for such purpose has been impaired by the narrowing of the passage. The culvert has not been used for wagon passage for four or five years, but it is desirable to have it available for such use. It does not appear that the change complained of has materially interfered with the flow of water or the passing of stock through the culvert.

This being a suit to abate a nuisance, the defendant contends that there is no substantial damage shown in view of the fact that the use of the passage for wagons had been practically abandoned for several years.

Up to August, 1904, when the culvert was obstructed by defendant, the owners of the land had been in the uninterrupted ownership of this right of a ten-foot passage through this culvert for twenty-five years. The railway company accepted the right of way burdened with the covenant to construct a ten-foot culvert. The defendant, lessee, who has assumed the rights and obligations of the original covenanter, cannot, and as we understand it, does not claim against the covenant. As a matter of fact, the railroad company never acquired this underground crossing. It was reserved in the deed under which the company took possession. It was, in point of fact, excluded from the right of way by a fence which the company so constructed as to cut off the right of way on each side of the culvert, leaving the passage across the entire right of way as a part

of the farm. This situation, acquiesced in by all parties, bound the heirs, including plaintiff, and the company also, to the terms of the deed made by Mrs. Swisher; so that the present effect is as if she had full title when she executed her deed to the company. The plaintiff claims that the added concrete walls constitute an obstruction upon his property and a nuisance. He asks the court to abate this nuisance and, incidentally, compel the company to comply with its covenant. This is not, however, a suit for specific performance. The sole question is whether the facts justify a resort to equity to abate a nuisance.

Plaintiff being entitled to a right of way, ten feet wide, through this culvert, "anything erected therein which for practical purposes made its use less convenient and beneficial than it was before, was an obstruction which wrongfully interfered with the privilege to which he was entitled. . . . In such circumstances the injured party has no adequate remedy at law, and injunction is the proper remedy." [Cook v. Ferbert, 145 Mo. l. c. 464.] The damages in this case may be slight, but the value of the use is to some extent diminished, and the injury is continuous and not susceptible of being measured in damages. We do not regard the question of the amount of damages important where the nuisance results from a deliberate trespass upon the property rights of another. Whether plaintiff's rights rest upon covenant or prescription is immaterial. In either case, the right is his to use a ten-foot passage, and as remarked by the chancellor in Hulme v. Shreve, 4 N. J. Eq. 116, "It behooves any one who would change the manner of use to show most conclusively that the change could not injure him." GOODE, J., in St. Louis Safe Deposit Bank v. Kennett Estate, 101 Mo. App. l. c. 392, says: "Easements are property; servitudes are burdens upon property; and an owner is entitled to complete dominion over and enjoyment of his property, except so far as he volun-

tarily relinquishes these rights.   And it is immaterial whether the easement or servitude was created by private or public grant, or by prescription.''

The defendant appeals to the doctrine laid down in Powell v. Railroad, 215 Mo. l. c. 350, that the court must regard the welfare and rights of both the farmer and the company, and above all the safety of the traveling public.   There is nothing to show that the welfare of the traveling public is in any way involved in the question in this case.   There is no attempt to show that the walls of this culvert could not have been reconstructed so as to secure any needed strength, without narrowing the passage.   Indeed it is practically conceded that the only reason for obstructing the passage was to save cost to the road.   There is no showing of what the cost would be to rebuild and strengthen the walls.   We are not prepared to hold that motives of economy alone will justify the defendant's taking possession of or obstructing the property of plaintiff. Much light on the questions involved here may be found in the lucid opinion of Goode, J., adopted by this court in Powell v. Railroad, supra.

Some of the findings of the circuit court could well have been omitted or modified, particularly those upon the degree of injury, which go rather beyond the evidence.   We think circuit courts too often accept without careful scrutiny drafts of decrees prepared by counsel for the successful party.   However, as the judgment does not depend upon the matters referred to, and is for the right party, it is hereby affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.